The Honorable, the Judge of the United States Court of Appeals for the Fourth Circuit. Please have a seat. So, the Court has two additional arguments today, and I understand that the first one we're going to be hearing is number 244466, United States v. Aborisade. Am I saying that correct? That's correct, Your Honor. Thank you. And, Mr. Block? May I proceed? Absolutely. Good morning, Your Honors, and may it please the Court, Jeffrey Block, on behalf of the Defendant, upon Mr. Aborisade. This Court should reverse the District Court's denial of Mr. Aborisade's Rule 29 motion because he did not present under oath any materially false statements in a document required by the immigration laws or regulations. I'd like to first begin with the required documents element. Under 1546— Mr. Block, before you do that, can I just— I'm 99% sure I know the answer, but you have two sort of different arguments, as you're about to say. Am I correct that either one of these is an independently sufficient basis for you to win? That's correct, Your Honor. Okay, thank you. So, on the required documents element, Your Honor, which I'd like to focus on first, under 1546, it is not a crime— I'm so sorry. I'm so sorry. Please go ahead. It's not a crime for an individual to present a materially false statement unless that statement is made in a document required by the immigration laws or regulations. And as we explained in our briefs, no court has ever held that optional documents filed in support of a VAWA self-petition are required documents for purposes of 1546A. And with good reason. The text of the statute, the regulations, the case law, and even the Form I-360 itself show that no other documents are required to be submitted with a VAWA self-petition. So can I just, again, explore what that would mean? So let's hypothesize, just for the sake of argument, that you were correct about that. That is just saying that the stuff that your client did here would not violate that specific provision under which he was convicted. It wouldn't even necessarily say that the conduct might not violate some other federal criminal statute. I'm not asking you to, of course, confess that your client is guilty of some other— but it wouldn't foreclose it. It would simply be a holding the conduct is not a violation of this particular provision. That's correct, Your Honor. I'm focused only on 1546A. And certainly it is possible, for example, for someone filing, either making or presenting a VAWA self-petition to be criminally liable for materially false statements. For example, 8 CFR 204.2C6 requires the submission of the Form I-360 itself. So it's our position that if you make a materially false statement in the Form I-360 itself, that is punishable under criminal law. And it's either the statute or the regulation. It also specifically says making a false statement on an affidavit is independently a violation of the statute, too, right? So the statute does distinguish in 1546A between the application, which here is the I-360, an affidavit, and other documents— Required to be submitted by law. That's right, Your Honor. Although our position is that no self-affidavit is required to be submitted along with a VAWA. But we wouldn't have to answer that question either. Okay, so the question then would be is, is it all affidavits or only required affidavits, but there's nothing about this case that would require us to resolve that question? No, Your Honor. And the text of 1546 distinguishes between the application, the affidavit, and the other documents. And we explained on page 23 of our opening brief that these other documents, the psychological forms and lease agreements, are not actually—they're not considered the application. They're part of the other documents language in 1546A. And the government doesn't dispute that. So the psychological evaluations and lease agreements are other documents. They're not required by the immigration laws. And you can look at 8 CFR 204.2C, numeral 1 and numeral 3. And you can also look to the trial testimony. And I'd focus on just two points. First, if you look at JA 550, that's testimony of Officer Kenny. She admits at trial that there are no specific required documents for a VAWA self-petition. And the same is true at JA 1676. But do you think that's a question of fact or a question of law? It seems—I'm open to being wrong about this. It seems bizarre that we would ask a jury to find as a matter of fact what documents are required as a matter of law. That seems like a legal question. It is—it does seem like a legal question. It certainly is at best a mixed question of fact and law. And that you'd have a judge— I mean, this goes back to the government's argument that this is really a motion to dismiss the indictment because you could look at the indictment, and the indictment says what the documents are, and they could say, well, if the view is those documents are not required by law, defendant can move to dismiss the indictment because as a matter of law, those documents are not required to be submitted. So three merits points on that, but just before I get there.  I don't think this Court needs to resolve the question of whether or not this needed to be addressed first in Rule 12 motion, and that's because the government weaved this argument. Forfeited forfeiture. Exactly. When Mr. Aborasade presented his Rule 29 motion to the district court, the government didn't object that his required documents argument was forfeited or weaved. And so under Linder, the government has essentially weaved the weaver argument. But as to the merits of your question, Judge Heitens, there are really three reasons why we don't think Mr. Aborasade forfeited or weaved his required documents argument by presenting it through a Rule 29 motion. The first is that— We can come back to that because I'm going to ask the government why they haven't obviously forfeited the forfeiture. So you can, if you want now, use your time to explain why you think you're right on the merits. So on the merits of the required documents argument itself?  Understood. So the regulations are clear that lease agreements and psychological forms are not required documents. And the government's position, and I think if you look at page 25 of the government's brief there, it essentially argues that under its view of the law, any time a material fact is presented or made in the document, that document is itself required. But 1546A has two independent requirements that are both at issue here. One is a materiality requirement that goes to whether or not the false statement relates to an eligibility requirement, i.e., is it material? And the other is whether or not it's presented or made in a required document. But the government's arguments render the required documents element nullity. Essentially, under the government's position, any time a materially false statement is made, it is necessarily transmitted in a required document. And we think that's inconsistent with Congress's intent. In creating a statute that has two separate elements, one is materiality and obviously one is the required documents problem. But help me understand, because under the regulation, it also, if you look at the portion that deals with the prima facie determination in the regulation, it says that you have to have the supporting documentation. So there are certainly regulations that say that you need to submit something in order to support the evidentiary requirements. But we believe there's a distinction between the eligibility requirements, which goes to the materiality prong. And that's why Mr. Borsatti does not contest the materiality of the lease agreements and the psychological forms, because those relate to eligibility requirements. But there's a separate question about whether those particular forms are required under the immigration laws or regulations to be submitted. So could I give you an example that at least in principle could this work? That a self-petitioner submits the form, the required form. A self-petitioner submits an extraordinarily detailed and thorough affidavit. This is why I asked you whether we could wall off the affidavit question. The self-petitioner submits an extraordinarily detailed and comprehensive affidavit that, amongst other things, explains why he or she cannot provide any other documentation because of the sort of concerns that gave rise to VAWA and this whole procedure in the first place. That application wouldn't be dismissed as incomplete, would it? No, it wouldn't, Your Honor. And actually, if you look at JA1681, again, that's expert testimony from Officer Arnell. She says that the self-affidavit for a VAWA self-petitioner is enough. So, you know, something more is required other than the Form I-360 itself. But for many VAWA self-petitioners, my understanding is they may just file the Form I-360, a self-petition, and that's all that the package is going to have. And again, that's consistent with the regulations. 8 CFR 204.2C21, a mouthful, does say that they're asking for any evidence that might be relevant. And so as long as the self-affidavit addresses all eight of the eligibility requirements, that's sufficient. You don't need to submit any other documentation. I hope that answered your question, Judge Renderman. But, you know, I think ultimately there is nothing in the record here that shows that these documents are required by the immigration laws or regulations. And we think that this Court can address it just on the text, regulations, and the case law itself. And I think one thing I'd like to focus on the case law briefly is this Court's prior decision in Ryan-Webster, which I think is the most on-point circuit case. There the question, that case dealt with employment-based visa applications and two specific forms, a Form 750 filed with the Department of Labor and a Form I-140 filed at the time with INS. The issue in that case was the defendant argued that neither of those forms was required because by themselves it could not create a favorable change in immigration status. And what this Court said was that they're required under 1546A because you cannot receive an immigration-based visa without filing the Form 750 and without filing the Form I-140. And that logic doesn't apply to the psychological forms. A VAWA self-petitioner can achieve a favorable change in status without filing any other documents, including the documents that are at issue here. Unless this panel has any other questions on the required documents, I'd like to move on to the oath requirement. But the VAWA, they would need to file an application, right? They would need to file some document. So it's not that there are no documents. There's just not these specific documents. So it is correct, Your Honor, that you need to file both the Form I-360 and something else. But we think that the fact that there are eligibility requirements, which must be fulfilled through some ephemeral documents, does not mean that there are any required documents. And that's because, again, there's a difference. But they were required in the instances in this case. In other words, your client's clients, I guess, would not have been able to prove eligibility or they used certain documents in order to prove eligibility. And so once they used those documents to prove eligibility, they were required for those specific petitions. Maybe not for every petition. You don't need the same documents for every petition. But for the specific petitions that your client submitted or that your client's client submitted under oath, the documents that were submitted were required because otherwise they wouldn't have been able to prove eligibility. And so why can't we hold that in the instances that your client was involved in assisting, there were documents that were submitted that were required for purposes of those specific cases that were required in those specific instances without our holding then essentially bleeding over to a holding that in every single VAWA case you need to submit those specific documents. I think it goes back to our point, Your Honor, that there has to be a difference between the materiality element and the required documents element. And if it is the case that any time a document is submitted that relates to any eligibility requirements, that it is necessarily required, then those two elements are not distinct at all. They're being treated as the same. But the way we read the statute, Your Honor, is the law only criminalizes materially false statements. And so you're right, because the lease agreements and psychological forms address eligibility requirements, they're certainly material, and Mr. Borrasade does not challenge that. But then there is a separate element, which is the required documents element. And there is nothing in the regulations that require the submission of any specific documents. And that's how we read the statute. And I'm not sure I read the, once again, looking at a primer face determination, it says the Form I-360 and other evidence supporting all of the elements required of a self-petition in Paragraph C-1, which takes us back to the eligibility. And so I'm not sure how you can get past the primer facial case of eligibility without the supporting document. It doesn't say or, it says and. Well, you're certainly correct, Judge Benjamin, that something more is required other than the Form I-360. We don't dispute that, and that's similar to the conversation I was having with Judge Payton. It's you need to file something, but the fact of the matter is that neither the psychological forms nor the lease agreements are required documents. And I think if you look at the instructions of the Form I-360, they're helpful. The Form I-360 on its face says that if you do not file any required documents, your petition may be denied. And then when you go look at the instructions for a VAWA self-petition, there are no required documents. And we made this argument in our blue brief, and the government responded basically— No other requirements beyond the application. Exactly, Your Honor. There are no specific required documents. We raised this argument in our blue brief, and the government's response was essentially that the instructions don't matter. You need to look at the text and regulations. So is it basically the choice is either the only required documents are those that the statute or reg literally says you have to do because if you don't do these things, your application is literally not complete, or to say any document that an applicant detaches is transformed into a required document? I think that's the choice. I'm asking you. I would just add just a little bit of clarity on your first point, Your Honor. Our position is not that the regulation has to say only this particular form. I think if you look at, for example, the government cites this Konstantakous case, which is about performance visas, and that's an example where the regulations say you must submit three of these six following documents. I think we concede that in that situation where a statute says that you need to pick three of six— The three you pick are required? That's right, Your Honor. But in a situation like this where the regulations just say we encourage you to submit any relevant testimony or any relevant documents, and we encourage you to submit evidence that you, in this example, lived with the abuser, that's not a required document. And otherwise, under the government's approach, the materiality element and the required documents element, which must be treated as independent and given their own meaning, don't have any distinguishing factors. So our questions have prevented you from getting to Issue 2, so I'm going to give you some leeway. Would you like to address Issue 2? I will do the same for the government if they need extra time to make sure they address all the issues. I'm happy to do it briefly, Your Honor. On the issue of the oath requirement, our view is that the statute as written, and particularly the surplusage issues created by the government's reading of it, result in kind of an absurdity if we take the government's position. Since 1924— Well, can I ask you why you don't have a massive waiver problem on Issue 2? So for that, I imagine we're talking about the Rule 29 waiver, Your Honor. Yeah, yeah. It is true that trial counsel erred in not renewing it after the defense case was made. We'd argue that two things on this. First— You said the futility. That's right. So question one, has this court ever said there is a futility exception to Rule 29? No, Your Honor, it's not. So we're asking this court to adopt the futility exception, and we think this is a great vehicle for this, where the district court's denial of Mr. Borrasade's Rule 29— It just feels like that's an exception that's going to swallow the rule really fast. I mean, because I made my mid-trial motion, and the trial judge said I'm not feeling it, so therefore it would be futile, so I don't have to make it post-trial. I just feel like this exception would instantly swallow the rule. I disagree respectfully, Your Honor, and I think that in this instance, the government's argument relies entirely on a fictional waiver. Of course, waiver is here to encourage litigants to fully brief their issues before the district court, to allow the opposing side to chime in, for the district court to have the first opportunity to rule on the record. It's a view of the law, and in this case, all of that happened. Mr. Borrasade filed both an oral and a written motion. The government had its chance to respond. The district court took time to review all of the case law in this case, and it came out— I just feel like I could say this about a lot of Rule 29— And even if this court has some skepticism about the futility exception, we still think you applied de novo review to this issue, and that's because the jury instructions that the government proposed, which is at Jury Instruction 27 and Jury Instruction 30, required the government to prove beyond a reasonable doubt that Mr. Borrasade was the individual who presented these under oath. So the government, in its jury instructions, stipulated to the legal requirements? That's right, Your Honor. If you look at Jury Instruction 30, that requires the jury to find that the defendant, Mr. Borrasade, presented these statements under oath. But the only reason we're here is because the jury found him guilty, right? That's right, Your Honor. But I think consistent with this court's doctrine on an invited error, we think that a party cannot ask the district court to adopt a legal standard and then take a position contrary. Oh, I agree. They now can't say that the jury instructions were legally wrong. I guess they probably can't say that. Or that the district court erred in giving that jury instruction. And that's exactly why, Your Honor, we think that this is a waiver by the government, that the government proposed this legal standard that Mr. Borrasade— that the government needs to prove that he presented these under oath. And thus, even if we have a waiver of the Rule 29 motion, where there's a waiver on both sides, this court can exercise its equitable discretion to review this issue de novo. Do you want to spend a minute? I pushed you into forfeiture. Could you talk about the merits of that issue? Very briefly, Your Honor. I'll try and wrap this up. I know a member— You're good. You don't have to apologize. I'm the one who's giving you more time, so. We believe that the court, in reviewing the text, should apply not the last antecedent canon, but the series qualifier canon. And we think that's because of two parts of this text. First is the fact that there's a parallel construction between the makes clause and the presents clause. And when Congress added in the presents clause, it nested it into the fourth paragraph of 1546A. And the makes crime and the presents crime should be read in parallel. But the other issue— and this is exactly how the Ashcroft panel reviewed it— is the Ashcroft panel said, we have some skepticism about that interpretation. We typically apply the last antecedent canon, which in that case would not apply the oath requirement to the presentment clause. But the surplusage issues created by that interpretation are so serious that we don't know what Congress intended. And I think that's exactly the way that you can review this, is Congress in 1924, when it enacted this statute, it has, since the enactment, has always required an oath requirement for a makes crime. And the government's argument is essentially that in 1952, when Congress added the presentment clause, it eliminated the oath requirement, at least in situations where the individual who makes the application is the same person who presents it. So wait, but, okay. So sentence one, sentence two. So the makes and presents. Why isn't Judge Hollander in the Second Circuit basically just right of that this is thinking really hard and making things more complicated? Because, am I right, the makes crime, right, what they did is it said— I'm doing the classic thing of not looking at the statute that I'm asking you out, but— the makes crime— there's two ways you can commit the makes crime, right? There's an amendment to the statute. Could you remind me? I'm so sorry. Remind me the two ways you can violate the makes clause are what? So the two ways you can violate the statute are either making a false— No, no, I understand that. I know makes and presents, but the statute has two different ways you can violate the makes, right? That there's the language they added. I'm going to try to find it. I'm sorry. So makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 20, knowingly subscribes as true, right? That's right, Your Honor. So those are two different ways you can violate the makes clause. In fact, they added that second part of the language to broaden the makes clause. That was the point of the amendment that broadened the makes clause, right? I suppose that's true, yes. Okay. And then there's the presents clause. That's right. And the alleged proflicitousness identified by the Third Circuit is to think that, look, what happens when the person who makes is the same person who presents? I think Ashcroft's a great example of that, Your Honor. In that case, the defendant was indicted as a maker of a false statement.  Then the government realized that no one signed the form, so they just charged him as the presenter because they claimed that there was no oath requirement. And so at least every time the maker and the presenter is the same. In Ashcroft, the government represented that they are usually the same person. I know there's been some debate about whether or not that's the case. But we certainly don't agree they're always the same person. They're not always the same person. But in instances in which an individual submits their own immigration application, the government would then always charge this crime as a presentment crime and totally read out the oath requirement to the maker. But isn't the other way to fix that superfluousness to say that the presents option doesn't exist when the person who makes and presents is the same person? That clause one is about the person who makes, regardless of whether that person also makes and presents, and that the presents crime is designed to deal with people like your client, the person who doesn't make but does present. And it seems totally sensible to say if you knowingly present something that you know has a false statement in it that's material, you're liable. And I don't care whether you were under oath. If you turn something in that you know has something that's materially false in it, you're guilty whether or not you did so under oath. That seems like a totally sensible crime. It is one way you could certainly read the statute, Your Honor. But I think consistent with the Third Circuit's approach where it found the statute grievously ambiguous, there are a number of ways to review the statute and given the fact that Congress in 1924 enacted this as the making statute only and at the time there was no presentment clause. And then we're confronted by people like your client and go, but what about a situation where the person who turns it in isn't the person who did it? Shouldn't that be a crime, too? And they say, yeah, I guess that probably should be a crime, too. That's correct, Your Honor. There's nothing in the legislative history In other words, to think like the only way the presentment clause has any meaning independent of the makes clause is if it is designed, at least in significant part, to cover this situation where a person presents but did not make, because otherwise the presents crime would be completely subsumed by the makes crime. We certainly agree that the presents crime and the makes crime are distinct to acts and Congress sought to expand the scope of 1546A when it added this so that individuals who present a false statement to USCIS can be held criminally liable. But in this particular instance, we don't think that there's any clarity about what Congress is doing with the oath requirement itself.  I will ask, I have gone you over time, but I will ask my colleagues if they have any questions. Okay. You'll have some time in rebuttal and we'll give you your full rebuttal time. Thank you, Your Honor. All right. We'll hear next Mr. Bornstein. Bornstein. Bornstein. Okay. Whenever you're ready. Good morning, Your Honor. May it please the Court, I'm David Bornstein on behalf of the United States. The defendant, Mr. Borisade, provided fake documents to people who were self-petitioning the government for immigration relief. He believes that he can evade criminal liability for his knowing fraud against the government for two reasons. First, by taking a self-servingly narrow view of the immigration fraud statutes required by element. And next, by taking a self-servingly broad view of its under oath clause. But neither position can withstand the plain meaning of the statute's text or basic rules of grammar. And for those reasons, they fail. But this court should not even reach the merits of those claims because the defendant has waived them, making that the most straightforward means of resolving them. So unless any member of the panel would like to turn me elsewhere, I'd like to begin with waiver. Yeah, I'd like you to explain to me why in issue one the government hasn't dead forfeited a forfeiture argument. I mean, the government constantly invokes forfeiture against criminal defendants in ways that are extremely adverse to them. And in response to the, well, that seems really harsh, the guy's like, yeah, but I know, but rules about when you have to make arguments, they're really important, and we've got to follow them. And this has a little of what's good for one is good for the other to me. So why have you not dead forfeited your potentially winning forfeiture argument on issue one? Sure. First of all, we raised it in our response brief. Second of all... No, no, I'm sorry, you forfeited it for the district court because when he raised this at rule 29, you could have said, whoa, whoa, whoa, judge, this is totally, like, this, I mean, so let me give you an example. If the defendant mid-trial made a motion to suppress evidence for the first time, I would expect virtually every assistant United States attorney that I've ever met to say, whoa, whoa, whoa, whoa, whoa, whoa, the rules are very clear, pre-trial motion only, judge, you literally can't even hear this, right? And that's a fully sufficient reason to deny what he's doing right now. And in response to this happening here, the government was like, no, he's wrong on the merits. So two reasons, Your Honor. First, there's Pittman, which Your Honor authored, in which it is on all fours here. Not at all. The government did not raise forfeiture. The defendant in Pittman did not say the government had forfeited forfeiture. I've gone back and looked at the brief. That is true, Your Honor. But it was plain to the court that it wasn't raised below. But again, in my view, it's very important if people, because if just as you forfeited forfeiture, the defendant could forfeit your forfeiture of his forfeiture. And in Pittman, the defendant did not say the government has forfeited a forfeiture argument. Then next, I would point out that the way of the waiver doctrine that my colleague is relying on comes out of the collateral review context. And there, the argument, Linder is a collateral review case. And there, the point is that if the government has a defense to a claim in a habeas petition, it must raise that defense in its answer. Otherwise, it is waived. Here, the context is very different. My friend does not explain why that doctrine should be taken from that collateral review context No, this is basic claim presentation rules. As in, if you think someone is asking the court to do something that the court can't do because the other party didn't raise it at the right time or the right way, the proper time to raise that argument is when the person does the thing you think has been forfeited. Judge Huytens, I'll try one more example and then I want to move to the merits. Correct. The other one is, imagine that after a day of trial, a defendant stands up and says, you know what, I actually think that the testimony that came in today was irrelevant and unduly prejudicial. If the government were to say, well, we of course disagree with that and the court would say, objection denied, the defendant cannot then come forward on appeal and say, well, even though I did not raise a contemporaneous and timely objection because the government did not say it was untimely below, they cannot argue that it was untimely on appeal. I agree with you that I think that's analogous to here but I'm not remotely sure you're right about that. Well, the reason why, Your Honor, at the end of the day, what we're trying to enforce is a timeliness requirement. A timeliness requirement. And because it was not made in a timely manner, this objection below is untimely under Rule 12.C.3. I agree with you. I mean, well, assuming that we got to it, there is a question, at least, whether this is the kind of thing that had to be raised under Rule 12. So the way I think about this is the benefit of doing this, of the government raising this issue before the district court, is there could have been a dialogue before the district court about whether this was something that was in fact required by Rule 12.C. But because the government didn't raise this before the district court, the district court had no reason to consider whether this was something that had to be raised. I mean, the defendant does not agree this is something that had to be raised under Rule 12.C. And the whole point of claim presentation rules is we could have had a conversation in front of the district court about whether this was something that had to be raised under Rule 12.C. Agreed, Your Honor, but Judge Heitens, I very much, as my friend on page 37 of his opening brief acknowledges, whether or not a document was required under regulation requires construing that regulation. That is a legal argument. Agreed. But I'd like to move on. Sure. And I want to provide one last thing. In the United States, this court has in the past, although in unpublished dispositions, repeatedly said that it will not consider an unkindly Rule 12.B.3 motion if it's being raised in a Rule 29 motion. There are several cases that say that. I'll just quote one to the court. It's the United States against Irby, 246, Federal Appendix 228, 231. That's a 2007 disposition of this court. But, Your Honor, I respectfully disagree. If something is raised in an untimely manner, the onus is not on the government. It does not have to argue that before the district court because at the end of the day, what it comes down to is what is a proper standard of review on appeal, and that is something that is best subject to this court's analysis. Moving to the merits. The question here is whether when a regulation provides for, has a requirement, and it can be complied with in a number of different ways, and a party chooses to comply with that requirement in one certain way, does that then become something required by the regulation? So do you agree with the dichotomy that I gave your colleague on the other side? Essentially, the question presented on this issue is one of two things seems like it's true. Either, and I'm bracketing the application, I'm bracketing the affidavit because I think there's an argument that the affidavit is different, right? And that the choice is the following. What other documents are required beyond those necessary to establish things like residency? But on a topic like this, either there are no other required documents or any document you submit is a required document. But those are the two choices. I disagree with that, Your Honor. Okay, please. Why am I wrong? So the reason why is here's how I conceptualize the two positions. My colleague's position is that if there's a requirement that can be satisfied in more than one way because there's an option, A or B, and it just has to be more than one way and because no one particular option is the required one. No, he's conceded the three of the following six documents example. But that undermines his entire argument, Your Honor. That undermines it. It does not matter whether you can choose three of six or one of a million. The point is, if you have a choice between how you're going to comply with a requirement and you choose something to satisfy that requirement under plain language, that becomes something that was required by the requirement. Except, okay, let me give you the example of what I'll call the extraordinarily fastidious self-petitioner.  This person, in the interest of making sure there is no possibility that they will be found to have submitted insufficient evidence, submits 1,000 documents. Sure. Document one, standing alone, is more than sufficient under any conceivable reasonable definition of what the amount of evidence you need is required. But it turns out that document 999 has a materially false... So that person's guilty. Even though it was completely... In a colloquial sense, that document was completely unnecessary because by the time we got to document 999, they were so far over what they would ever have needed. They didn't need... That no conceivable adjudicator or decision-maker could have thought that 999 was the marginal document. That defendant is guilty. So I would agree that is a much more difficult case. Do you think that defendant is guilty or not guilty? I believe that if he supplies that document in satisfaction of the requirement, it then is one that... It is a required document. I believe that a better defense would be what was that material to the government's decision. Because I'm going to win anyway. Because there were 999 other documents, was that false statement material? That's the better defense. However, I want to point out that in this case, we are not dealing with those facts. For accounts 4 to 13, the fraudulent... But that's how statutory interpretation works all the time. You have ridiculous hypotheticals that illustrate what one interpretation might mean. And I believe that the correct rule is the one set forth in the Second Circuit by Constantin Kakos in which the court said, although the law certainly afforded defendants a choice as to how they would satisfy the documentation requirement, once they made their choice, the documents accompanying the applications were, quote-unquote, required by the regulations for purposes of 1546. And I think I can give a common sense hypothetical that proves that the government's position is correct on this and my friend's position is incorrect. Imagine that the University of Richmond has a general education requirement and it says for any freshman to stay in good standing, they have to take a mathematics course. And any math course will do. They can take calculus, algebra, quantitative analysis. My friend's position is because no one particular course is required, there is actually no math course requirement. He makes it clear on page 12 of his requirement that there is no documentation requirement whatsoever, even though he just stood up here right now and conceded, yes, something is required. But can I ask you a hypothetical? I asked him, in principle, do you agree that, in fact, one of the government's witnesses testified at trial that a valid self-petitioner could, in principle, submit the form, submit a lovingly detailed affidavit that explains in exhaustive detail why there is literally nothing else they can present. And again, I want to wall off the resident. The couple of places where the regs specifically require more, but absent those other places, that would be a sufficient, complete application? First of all, I disagree with the premise. That was not the testimony. You can look at... Okay, fine. Forget the testimony. Do you agree that that could, under the statute and regulations, be a complete application? I don't believe so. Why not? Because valid self-petitions are not granted for the asking. I'm not asking... No, no. See, I think the other thing the government is arguing with respect is fatally confusing is whether this petition is likely to be granted, which, to me, is different from the question of whether it would be rejected as incomplete or legally insufficient. I believe... So, for example, if you filed a complaint in federal court and didn't have a proposed summons, we might bounce it on you and be like, you have to prepare a summons. You didn't prepare a summons. Your filing is incomplete. So, the testimony that my friend is relying on is simply that a person can use one document for multiple eligibility requirements. But at the end of the day, Your Honor, they still need to actually prove that they're eligible. Yeah, they might lose. And if you look at the regulation, it constantly cites saying, you know, you need to go out into the world and find us court records, medical records, affidavits of third parties. And then when it says over and over and over again is outside of a limited number of narrow circumstances, you don't have to give us any specific thing. Yes. But still, whatever document is chosen, whether it's an affidavit or not, that becomes something required. If I can get back to the hypothetical,  if a freshman were to take no math course whatsoever, and as a result, be placed on academic probation, and they were to challenge that, saying, I'm sorry, there actually was no required math course because I was given an option on what to choose, that would be an unsuccessful argument. Now, imagine that freshman were to then take a math course. He would choose calculus. And he gets a B in that class. He gets an A in everything else. But there's another rule that the university has. You may not get a non-A grade in any course required by the general education requirements and make the dean's list. If the student were to have taken calculus in fulfillment of the requirement and say, well, I should still make the dean's list because I wasn't strictly required to take calculus, I could have taken algebra again, I think that anyone using the plain language of required would say, no, I'm sorry, you got a non-A grade in a required course. It's the same thing here, Your Honor. And I want to point something out. My friend tries to make it seem as though there's something unique about VAWA self-petitions, but there isn't. Or let me put it this way. What is unique about VAWA self-petitions is usually when it comes to immigration petitions, the petitioner must provide primary evidence. If they cannot provide primary evidence of whatever it is, citizenship, relationship, bona fide marriage, they must show that primary evidence is unavailable and then they may submit secondary evidence. What is special about a VAWA self-petition is that it's written into the regulation that from the get-go, the self-petitioner may file any credible relevant evidence showing that they are eligible. But, the fact that there is more than one document that can be used to satisfy the regulation is common throughout the immigration regulations. The government cited, for example, 8 CFR 204.1 G1. That is the I-130 application, which is what abused aliens had to use before VAWA self-petitions were created. And there, the petitioner has to prove their U.S. citizenship. And the regulation says, you must submit one of the following. And it provides a list of things. You can provide a birth certificate. You can provide an unexpired passport. Again, my friend's position is that because there's no one particular document that must be filed, those are not actually required documents.  I think that's, as I understood his argument earlier today, that is in fact the opposite of his position. Well, his position is then fatally inconsistent because the second he says that if you have an option in what you can choose and what you choose, then those are required documents. No, no. He's saying if you have an option and it must be one of the following, he's saying, in that situation, the one that you choose is. But it's against the backup that there's a list that says you must. And if you don't, your application is fatally inconsistent. You include one of what, one, two, three. Whereas this doesn't say that. It doesn't say you must include one of, well, anything. I'll then point the Court to Constantikakos, the Second Circuit decision. There it was, the petitioners had to file one of three different types of evidence. Not specifically named documents, but different types of evidence. And they said, well, because the photographs we submitted was not necessarily what had to be submitted to satisfy that type, it wasn't required. But the Second Circuit rejected that argument. And I very much believe that the second, my friend acknowledges as he must that when you're given a series of options on what to choose and you choose one that's required, that is fatal to his argument. One last thing. Here the regulations provide for any credible evidence. In theory, if you wanted to,  you could create an expansive list of all the relevant credible evidence in the universe. If you're going to say, but one could, just as in the infinite library, one of anything on that, if my friend's  as it seems to    regulations aren't meaningfully different and there's no significant difference and people say criminal liability is a really big deal. It's because it comes down to the plain language, the plain language of required by it. I want to make something clear. My friend Ryan Webster Jimenez both say something that the government agrees with. If the regulation says you must submit one particular form, yes, that is required. The question here is more nuanced. If it says here's a requirement but you may do multiple things to comply with it, is the one you've chosen required? I would say yes. One other example, Your Honor. We both agree that Black's Law Dictionary sets forth the plain meaning of required. Black's Law Dictionary when it says, Black's Law Dictionary, sorry, in its definition gives us the example of something that must be done because of a law or rule building requirements specified in the Americans with Disabilities Act. We pointed to  against Lane. It says those requirements may be satisfied through a number of ways. So you can either build a  ramp or build a lift to make the building accessible to the handicapped. My friend's position again is because there's no one thing that is required, there is no accessibility modification requirement. Of course that's not the case. Unless my colleagues have any questions, I'm going to ask you to move to issue two. Sure. Moving to issue two, I think this is one that is clearly waived. I say waived for this reason. There's a reason that you pointed out that it was forfeited below because they didn't renew the rule 29A argument. I would note that there is no forfeiture exception to preservation. I've also struggled to think about the difference here. When is the first time the government could realistically have brought this up? It strikes me there. If you didn't renew the rule 29 motion, I don't know when you're supposed to point that out. I want to point out that  friend argued that there's a forfeiture exception to preserving a legal issue.  2021, the U.S. Supreme Court rejected the idea that there is a futility exception to preservation and a futility exception to plain error. My friend doesn't have a serious plain error argument in his reply brief. He goes through all four prongs and four sentences with a single CF side. You can't get out of plain error review by saying it would have been futile to preserve  plainly forfeited thing. And the final one, United States against Ely. Even if this court were to agree with the defendant that there was insufficient proof of direct liability, the jury was also instructed on aiding and abetting the   Pinkerton liability. For the defendant to argue that the district court erred in  his rule 29 argument, he would have to show that there was insufficient proof under those two
judges: Toby J. Heytens, DeAndrea Gist Benjamin, Nicole G. Berner